```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

BARRY ALVELO,

                    Plaintiff,

vs.                                    Case No. 2:12-cv-534-FtM-29UAM

SAULA JR. MENA, M. REESE, R. HOPKINS, FNU OTWELL, FNU SEXTON, VICKIE LONGFORD, TOM BOWDEN, EBONY HARVEY, MARTA VILLACORTA, EDWIN BUSS, FNU LEVIN, JOHN DOE, Medical Services Director, and B. MOUNT,

                    Defendants.[1]
_____

## OPINION AND ORDER

This matter comes before the Court upon review of the motion to dismiss filed on behalf of Defendants Hopkins, Otwell, Mount, Sexton, Langford, Bowden, Harvey, Villacorta, Levin, and Buss (Doc. #40, Motion), filed March 1, 2013. Plaintiff filed a response in opposition (Doc. #42, Response). This matter is ripe for review.

### I. Background and Facts

Plaintiff Barry Alvelo, a prisoner in the custody of the Secretary of the Florida Department of Corrections, initiated this action proceeding *pro se* by filing a Prisoner Civil Rights Complaint Form (Doc. #1) pursuant to 42 U.S.C. § 1983. Attached to the Complaint are Plaintiff's inmate grievances that he submitted

---

[1] Defendants provide notice that Defendant "Tom Bowden" is in fact "Toni Bowden." Motion at 2. Additionally, it appears that Defendant "Vickie Longford" is in fact "Vickie Langford." The Clerk will be directed to correct the caption of the case accordingly on Weberperfect and CM/ECF.

concerning the incidents at issue and responses thereto. See Doc. #1-1. The Complaint sets forth an alleged excessive use of force claim and a deliberate indifference to a serious medical condition claim in violation of the Eighth Amendment stemming from incidents that occurred while Plaintiff was incarcerated at Hendry Correctional Institution. The excessive use of force claim is not at issue in this Opinion and Order because Defendants Mena and Reese have not been served with process. See infra n.2. All Defendants are sued in their official and individual capacities. Complaint at 6.

### A. Defendants Mena and Reese

Plaintiff alleges that on September 25, 2010, Defendants Mena and Reese[2] ordered Plaintiff to remove his hands from his pocket

---

[2]Neither Defendants Mena or Reese have received service of process. See Motion at 2 n.1; see also docket. The Court will direct the United States Marshal by separate order to mail waiver of personal service of process forms to Defendant Mena at Charlotte Correctional Institution. Motion at 2, n.1. However, the Department of Corrections was unable to locate or identify a Defendant Reese. Doc. #15 at 1. Plaintiff received notice on January 2, 2013 that the Department of Corrections was unable to identify a Defendant Reese. Id. Plaintiff, however, failed to provide the Court with any other facts to identify Defendant Reese. identifies no first name for either Defendant. See docket.

Pursuant to Federal Rule of Civil Procedure 4(m), a district court may dismiss an action *sua sponte* if service is not effected within 120 days of filing the complaint. Therefore, if Plaintiff wishes to continue to prosecute his action against a "Defendant Reese," Plaintiff should correct the spelling of this Defendant's last name, or determine his first name, or provide additional information about the defendant, in addition to the fact that he worked for the Department of Corrections at Hendry Correctional, so

(continued...)

and ordered him out of his cell. Complaint at 9. Plaintiff claims he complied with these orders. Id. Thereafter, Plaintiff alleges that Defendants Mena and Reese attacked Plaintiff for no reason forcing him forward to the steel grated floor and bars of the second floor shower area. Id. After Plaintiff was constrained on the floor by Mena, he alleges Reese spayed chemical agents into his eyes and mouth. Id. at 10. As a result of the use of force, Plaintiff claims he sustained a broken front tooth, split/lacerated upper gum, swollen face, laceration on his right knee, severally sprained middle finger on his left hand, fractured left elbow, damage to his right shoulder and lower back, blurry vision, dizziness, and headaches. Id. at 9-10, 18. Plaintiff alleges that he received a disciplinary report from Mena related to the incident for failure to obey a verbal order, but the disciplinary report was vacated. Id. at 11. Plaintiff acknowledges that Mena escorted him to the Medical Department. Id. at 12.

Thereafter, Plaintiff states he was housed in confinement. Plaintiff states that he filed inmate grievances concerning the incident. Id. at 14. Plaintiff further claims that Mena went to Plaintiff's cell in confinement on two occasions to "harass and threaten" him about the inmate grievances he was filing. Id.

---

²(...continued)
that service of process can be re-attempted. Plaintiff must also provide the Court with new service of process forms for Defendant.

**B. Defendant Hopkins**

Upon arriving at the Medical Department after the use of force at issue, Plaintiff was evaluated by Defendant Hopkins, who is a nurse. Id. Plaintiff alleges that Hopkins failed to document the severity of his injuries and cleared him for confinement without proper medical treatment. Id. Plaintiff alleges that Hopkins' refusal to properly treat his injuries caused his injuries to worsen and caused "protracted" pain. Id. Plaintiff claims Hopkins conspired with Defendants Mena and Reese to minimize the extent of the injuries he sustained. Id. at 12. Plaintiff alleges that he could not eat due to the injuries to his mouth, gums, and tooth. Id.

On September 27, 2010, Plaintiff states that while housed in confinement, he declared a "dental emergency" and was given "'rudimentary' treatment by dental staff." Id. at 13. On September 28, 2010, Plaintiff states that "non-medical staff" noticed his injuries, and Plaintiff went to the doctor where his injuries were documented, diagnosed, and he was provided "some medical care." Id. at 13-14.

While housed in confinement, Plaintiff states that he grieved the denial of proper medical and dental care to no avail. Id. Plaintiff alleges that on October 3, 2011, he was finally evaluated by an orthopaedist for his elbow. Id. at 15. Plaintiff states that the doctor believed that too much time had passed to treat his

elbow in a "normal fashion, due to some abnormal bone grown in the fracture of the elbow." Id. at 15. Therefore, Plaintiff's only remaining course of treatment for his elbow was surgery, which he underwent on April 16, 2012-- 19 months afer the "attack" occurred. Id. After the surgery, Plaintiff claims his surgical wound became infected. Id.

**C. Defendants Bowden, Langford, Mount, Villacorta, Harvey, Buss, and Sexton**

Plaintiff identifies Defendants Bowden, Villacorta, Harvey, Buss, Langford, Mount, and Sexton as "senior level administrative personnel." Id. at 17. Plaintiff alleges that he filed an "emergency" grievance on December 21, 2010, concerning the excessive use of force and alleged cover-up, but Defendant Bowden, representative of the Secretary of the Florida Department of Corrections, denied the emergency grievance without reason. Id. at 16. A review of the inmate grievances attached to the Complaint reveals that Bowden denied this particular inmate grievance because the "subject of [Plaintiff's] grievance [was] currently under review by the Department Staff. At the conclusion of that review appropriate and necessary action will be taken." See Doc. #1-1 at 29. Plaintiff generally alleges that these Defendants, who work in administrative supervisory positions, "share in responsibility and culpability for not sufficiently investigating/researching the serious claims [Plaintiff] repeatedly raised." Complaint at 18.

### D. Defendants Otwell and Levin

Plaintiff states that Defendant Otwell was the "officer-in-charge" and Defendant Levin was the "highest ranking officer" at the time the excessive use of force occurred. Id. at 17. The Complaint alleges that these Defendants share responsibility based on "the nature of their position, job responsibilities, supervision, and institution involvement," which allowed Mena and Reese to inflict these injuries on Plaintiff. Id.

### E. Relief Requested

Plaintiff requests that the Court award the following relief: issue a declaratory judgment that Defendants' actions failed to provide a safe environment while Plaintiff was in their care, custody, and control; issue a declaratory judgment that Defendants' actions failed to provide adequate care for Plaintiff in violation of his Eighth Amendment rights; award compensatory damages for the physical and emotional injuries Plaintiff sustained as a result of Defendants' failure to provide Plaintiff with adequate and timely medical care; and, award punitive damages against all Defendants. Id. at 19-20.

## II. Defendants' Motion

Defendants Hopkins, Otwell, Mount, Sexton, Langford, Bowden, Harvey, Villacorta, Levin, and Buss move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Motion. Defendants also raise the defenses of sovereign immunity and qualified immunity.

Id. at 1. More specifically, Defendants Mount, Sexton, Langford, Bowden, Harvey, and Villacorta argue that the Complaint and attached exhibits lack the requisite plausible facts to support any cause of action against them in their official capacities and there is no vicarious liability under § 1983. Id. at 6.

Defendant Hopkins in summary argues that the Complaint fails to state an Eighth Amendment claim against her for deliberate indifference to a serious medical condition and only includes conclusory allegations. Id. at 9-10. At first, Defendant Hopkins concedes that Plaintiff's injuries appear to describe a serious medical need, but then points out that Plaintiff himself waited 2 days to declare a medical emergency for dental. Id. at 9. Nonetheless, Hopkins argues that the Complaint does not contain any factual allegations to support his claim and only contains conclusory allegations that Hopkins "refused to properly treat" his injuries. Id. at 10.

### III. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516

F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Iqbal, 556 U.S. 662, 677. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to

relief above the speculative level." See Twombly, 550 U.S. 544, 545 (abrogating in part Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### IV. Analysis

#### A. Section 1983

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Here, Defendants do not contest that they are state actors. And, the Court finds the Complaint contains sufficient facts that state a plausible claim of deliberate indifference to a serious medical condition under the Eighth Amendment against Defendant Hopkins in her individual capacity. To the extent Plaintiff attempts to alleged a conspiracy claim against Hopkins, the Court finds the Complaint fails to state such a claim. Likewise, the Court finds the Complaint fails to state a claim as to Defendants Otwell, Langford, Mount, Sexton, Bowden, Harvey, Villacorta, Levin, and Buss. For the reasons that follow, the Court grants in part and denies in part Defendants' Motion.

**B. Eighth Amendment Claim- Defendant Hopkins**

"[D]eliberate indifference to [the] serious medical needs of [a] prisoner [ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999). A plaintiff alleging a constitutional deliberate indifference claim "must sufficiently allege 'both an objectively serious medical need and that a Defendant acted with deliberate indifference to that need.'" Harper v. Lawrence County, Ala., 592 F.3d. 1227, 1233 (11th Cir. 2010)(quoting Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008)(footnote omitted)). "[A] serious medical need is considered 'one that has been diagnosed by a

physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either situation, "the medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Id. (citing Taylor, 221 F.3d at 1258)(alteration in original). To establish "deliberate indifference" the plaintiff must establish that Defendant "(1) had sufficient knowledge of a risk of serious harm; (2) disregarded that risk; and, (3) acted with more than gross negligence." Harper, 592 F.3d at 1233 (citations omitted). Further, the plaintiff must show that it was the "Defendant's conduct" that "caused [Plaintiff's] injuries." Id.

To establish "sufficient knowledge," a Defendant "'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [ ] must also draw the inference.'" Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005)). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual Defendant must be judged separately and on the basis of what that person knows." Burnette, 533 F.3d at 1331.

Further, a plaintiff must allege that the Defendant disregarded the risk of serious harm to the plaintiff with conduct

-11-

that rises beyond negligence. Marsh v. Butler County, Ala., 268 F.3d 1014, 1027 (11th Cir. 2001). "Deliberate indifference" can include "the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." Taylor v. Adams, 221 F.3d 1254, 1259-60 (11th Cir. 2000) (internal quotation omitted). Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. Farrow, 320 F.3d at 1247. Further, the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Id.

Liberally construed and accepting the facts alleged in the Complaint as true at this stage of the proceedings, the Complaint contains facts that state a plausible claim against Defendant Hopkins in her individual capacity for deliberate indifference to Plaintiff's serious medical condition. Although Plaintiff states he names Defendant Hopkins in her official and individual capacity, there are no facts alleging that a custom or policy was the "moving force" behind Hopkins' failure to treat his serious medical need. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Nor does Plaintiff identify any particular policy that resulted in the failure to treat his medical needs, or that the Medical Department had a custom or practice of not rendering treatment to inmates

after a use of force. <u>Grech v. Clayton County, Ga.</u>, 335 F.3d 1326, 1320-30 (11th Cir. 2003); <u>McDowell v. Brown</u>, 392 F.2d 1283, 1290 (11th Cir. 2004)(citations omitted). Therefore, any official capacity claim against Hopkins is dismissed.

Likewise, to the extent Plaintiff attempts to allege a conspiracy claim against Hopkins, the Complaint fails to state a claim. To prove conspiracy under 42 U.S.C. § 1983, "a plaintiff must show an underlying actual denial of his constitutional rights" and "prove that the defendants reached an understanding to deny the plaintiff's rights." <u>Hadley v. Gutierrez</u>, 526 F.3d 1324, 1332 (11th Cir. 2008)(citations omitted). The Complaint does not contain such allegations. Therefore, the Court finds the Complaint fails to state a conspiracy claim against Hopkins.

The case will proceed against Hopkins in her individual capacity because the Complaint alleges that after the use of force by Mena and Reese, Defendant Hopkins evaluated Plaintiff's condition. Liberally construed, the Complaint contains allegations that Hopkins did not treat his injuries, consisting of a broken front tooth, split/lacerated upper gum, swollen face, laceration on his right knee, severally sprained middle finger on his left hand, fractured left elbow, damage to his right shoulder and lower back, blurry vision, dizziness, and headaches. Complaint at 9-10, 18. Plaintiff claims he could not eat due to his broken tooth and his elbow later underwent surgery. At this stage of the proceedings,

the Court will assume *arguendo* that Plaintiff's alleged medical condition constituted a serious medical need. The Complaint alleges that Hopkins did not render any treatment and cleared Plaintiff for confinement. Failure to render any treatment may constitute deliberate indifference. Thus, the case proceeds against Hopkins in her individual capacity only.

To the extent Defendant Hopkins raises qualified immunity, the Court denies the Motion. Here, accepting Plaintiff's allegations in the Complaint as true, Plaintiff has adequately stated a constitutional violation arising out of the failure to render medical treatment and/or the delay he encountered before receiving medical treatment for his various injuries. Based on pre-existing law, this Court concludes that Defendant Hopkins had a fair and clear warning that her <u>alleged</u> conduct was unlawful. For this reason, given Plaintiff's version of the events, Defendant is not entitled to qualified immunity at this Rule 12(b)(6) stage of the litigation.

**C. Supervisory Liability Claims– Defendants Otwell, Levin, Bowden, Villacorta, Buss, Langford, Mount, and Sexton**

To the extent that Plaintiff seeks to impose liability on Defendants Otwell, Levin, Bowden, Villacorta, Buss, Langford, Mount, and Sexton based upon their respective "senior level administrative positions," Complaint at 17, the Supreme Court has soundly rejected the possibility of *respondeat superior* as a basis of liability in § 1983 actions. <u>Monell v. Dep't of Soc. Serv.</u>, 436

U.S. 658, 690-692 (1978). Defendants Bowden, Villacorta, Harvey, and Buss were not physically present at Hendry Correctional Institution and held various positions with the Department of Corrections. With the exception of Defendant Bowden, who Plaintiff claims denied relief on his emergency grievance, the Complaint attributes liability on these Defendants based only on their respective positions within the Department of Corrections. Consequently, Defendants Villacorta, Harvey, and Buss are dismissed with prejudice. To the extent the Complaint attributes liability on Defendant Bowden for denying Plaintiff's emergency grievance dated December 21, 2010, the Complaint fails to allege that Bowden had knowledge of a risk of serious harm and disregarded that risk when he denied the appeal. Thomas v. Poveda, 518 F. App'x 614, 618 (11th Cir. 2013)(citing Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)). The response from Bowden that Plaintiff attached to his Complaint reveals that Bowden denied Plaintiff's inmate grievance because the incident was under investigation. Doc. #1-1 at 29. Further, case law establishes that there is no Fourteenth Amendment Due Process claim stemming from the denial of inmate grievances. Thomas, 519 F. App'x at 618 (citations omitted). Consequently, Defendant Bowden is dismissed with prejudice.

Defendants Langford, Mount, Sexton, Otwell, and Levin were present at Hendry Correctional and in supervisory positions. The

Complaint attributes liability to Defendants Otwell and Levin based solely on their respective positions at Hendry Correctional. See Complaint at 17. Based on the law set forth above, Defendants Otwell and Levin are dismissed with prejudice. Thus, the Court will now turn to the claims against Defendant Langford, who was the Warden at the time the alleged incidents occurred, and Defendants Mount and Sexton, who were Assistant Wardens at the time.

Supervisory liability can be imposed under § 1983 "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). The Complaint contains no factual allegations suggesting that Defendants Langford, Mount, or Sexton were personally involved in either the excessive use of force instigated by Defendants Mena and Reese, who are not parties to the instant Motion, or the medical treatment provided by Defendant Hopkins to Plaintiff thereafter. Absent personal participation by Defendants, Plaintiff must allege an affirmative causal connection between the Defendants' acts and the alleged constitutional deprivation. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). The causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so [,]" or when a

custom or policy of the supervisor results in deliberate indifference to constitutional rights. Cottone, 326 F.3d at 1360 (quoting Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003)). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. Alternatively, facts supporting an inference that the supervisor directed the subordinates to act unlawfully or knew that they would do so and failed to stop them establishes a causal connection. Cottone, 326 F.3d at 1360 (quoting Gonzalez, 325 F.3d at 1234) (remaining citations omitted). The Complaint does not contain any such factual allegations. Instead, Plaintiff appears to attribute liability to Langford, Mount, and Sexton based on their respective responses to his inmate grievances. See generally Complaint. A review of the inmate grievances attached to Plaintiff's Complaint reveal that Defendant Sexton did not respond to any of Plaintiff's grievances. Thus, it appears that Plaintiff attributes liability on Sexton solely based on his position as Assistant Warden. Consequently, the Complaint fails to state a claim against Sexton. The Court dismisses Defendant Sexton with prejudice.

A review of the inmate grievances Plaintiff attached to his Complaint reveals that Defendants Langford and Mount both responded to various inmate grievances Plaintiff submitted concerning the use

of force, the disciplinary report, and the subsequent harassment by Mena. See Doc. #1-1. Although Plaintiff attempts to attribute liability on Langford and Mount based on their responses to his inmate grievances, the Complaint fails to include factual allegations supporting that Langford and Mount had knowledge of a risk of serious harm and disregarded that risk by their responses to his inmate grievances. Thomas, 518 F. App'x at 618 (11th Cir. 2013)(citing Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)). In fact, a review of the inmate grievances and responses thereto reveal the contrary. With respect to the alleged excessive use of force and subsequent harassment by Mena, Defendant Langford approved Plaintiff's inmate grievance and told Plaintiff that the incidents were under investigation. Doc. #1-1 at 8. With respect to the inmate grievances concerning the disciplinary report, Defendant Mount explained to Plaintiff that his grievances were premature because at that point in time Plaintiff did not have a disciplinary hearing and was not found guilty. Id. at 13, 15. With respect to the inmate grievance Plaintiff submitted after the disciplinary team found Plaintiff guilty of failing to obey Mena's order that supported a use of force on the date in question, Defendant Mount approved Plaintiff's grievance and overturned the disciplinary report in question. See Doc. #1-1 at 25. None of these Defendants are identified on any of Plaintiff's grievances concerning his medical treatment, or alleged lack thereof.

See generally Doc. #1-1 at 32-42. Instead, Plaintiff's medical grievance went through the medical department. Id. Accordingly, the Motion will be also be granted on behalf of Defendants Langford and Mount.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Clerk of Court is directed to correct the caption of the case to reflect that Defendant "Tom Bowden" is in fact "Toni Bowden" and Defendant "Vickie Longford" is in fact "Vickie Langford." The Clerk shall correct the caption of the case accordingly on Weberperfect and CM/ECF.

2. Defendants' Motion to Dismiss (Doc. #40) is **GRANTED** in part and **DENIED** in part as follows.

    a. Defendants Otwell, Levin, Bowden, Villacorta, Buss, Langford, Mount, and Sexton are **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and correct the caption of the case.

    b. The conspiracy claim against Defendant Hopkins and the claim against Hopkins in her official capacity are **DISMISSED.**

3. Defendant Hopkins shall file her Answer within twenty-one (21) days from the date on this Opinion and Order.

4. The Clerk shall mail Plaintiff a new set of service of process forms for Defendant Reese. Plaintiff shall provide the new service forms for the reasons set forth herein **on or before**

**November 18, 2013.** Failure to comply with this Order will result in the dismissal of Defendant Reese pursuant to Fed. R. Civ. P. 4(m) without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, on this __18th__ day of October, 2013.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record