UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARRY ALVELO,

                    Plaintiff,

vs.                                Case No.  2:12-cv-534-FtM-29UAM

SAULA JR. MENA, M. REESE, R.
HOPKINS, EBONY HARVEY,  JOHN DOE,
Medical Services Director

                    Defendants.
_____

**ORDER**

This matter comes before the Court upon review of Plaintiff's "memorandum of law in support of Plaintiff's motion for a temporary restraining order and preliminary injunction" (Doc. #49, Motion), construed to be a Motion.  Plaintiff attaches exhibits to his Motion consisting of inmate grievances and responses thereto (Doc. #49-1).   Defendants filed a response (Doc. #50, Response) in opposition.

Plaintiff files the instant Motion asking for the Court to intervene because the Department of Corrections is not providing him with the medical treatment he claims he needs for his right shoulder.  See Motion.  Plaintiff alleges that as a result of the alleged excessive use of force at issue in this case, he suffers from severe pain in his right shoulder blade.  Id. at 1.  Plaintiff claims that his sick call requests written to Defendants Harvey and Bowden and the medical personnel at Taylor C.I. Annex have been denying his requests.  Id. at 6.  Plaintiff requests a "temporary

restraining order and a preliminary injunction to ensure that he receive[s] proper medical care." Id.

Defendants Harvey and Bowden file a response opposing the Motion and note that they have been dismissed from this action with prejudice. Response at 2. Thus, because Harvey and Bowden are not adverse parties, the Motion is due to be denied. Id. Defendants further assert that Plaintiff essentially asks the Court to enjoin Harvey and Bowden from answering his inmate grievances because he believes that these Administrative Officials at the Department of Corrections directs medical personnel on how to treat Plaintiff's medical needs. Id. at 3.

The issuance of a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites. Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011)(citations omitted); see also SunTrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001), reh'g and reh'g en banc denied, 275 F.3d 58 (11th Cir. 2001); Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential

injury if relief is not granted; and (4) an injunction would not harm or do a disservice to the public interest. Bloedorn, 631 F.3d at 1229; Four Seasons Hotels & Resorts, 320 F.3d at 1210; SunTrust Bank, 252 F.3d at 1166; Am. Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Publ'ns v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931 (1995).  The burden of persuasion for each of the four requirements is upon the movant. Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).  Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice only if (1) "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and, (2) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, before the Court may grant a temporary restraining order, the movant must post security "in an amount . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c). Further, under Local Rule 4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary

injunction."[1]   Additionally,  the  movant  is  required  to:
specifically  describe the conduct sought to be enjoined; provide
sufficient  factual  detail  so  that  the  Court  can  determine  the
appropriate amount of security which must be posted by the movant;
accompany  the  motion  with  a  proposed  form  order;  and,  attach  a
supporting  legal memorandum.   Local Rule 4.06(b)(3).

Plaintiff fails to satisfy the prerequisites of Rule 65.  The
issues remaining in this case concern Defendants Mena and Reese
alleged excessive use of force and Defendant Hopkins failure to
provide medical treatment to Plaintiff's serious injuries after
that  use  of  force,  which  occurred  at  Hendry  Correctional
Institution.   Plaintiff is now incarcerated at Taylor Correctional
and files the instant Motion, mentioning by name individuals who
are no longer Defendants in this action, and contends that he is
not receiving medical treatment for his shoulder.   The exhibits
Plaintiff attaches to his Motion reveal that he submits sick call
requests and is seen by medical personnel at Taylor Correctional
Institution.   See Doc. #49-1.   In a response dated August 29, 2013,

---

[1]Under  Local  Rule  4.05(b)(4),  "The  brief  or  legal  memorandum
submitted  in  support  of  the  motion  must  address  the  following
issues:   (i) the likelihood that the moving party will ultimately
prevail on the merits of the claim; (ii) the irreparable nature of
the threatened injury and the reason that notice cannot be given;
(iii)  the  potential  harm  that  might  be  caused  to  the  opposing
parties  or  others  if  the  order  is  issued;  and  (iv)  the  public
interest, if any."   Local Rule 4.06(b)(1) requires that a party
applying for a preliminary injunction must also address these four
factors in a brief or legal memorandum.

-4-

Harvey wrote that Plaintiff was last seen by medical on April 17, 2013, and did not return for sick call thereafter with any complaints.  Id.  The remaining inmate grievances concern the medical co-payment Plaintiff paid.  Id.

ACCORDINGLY, it is hereby

**ORDERED**:

Plaintiff's motion for a preliminary injunction or temporary restraining order (Doc. #49) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, on this __20th__ day of December, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


sa: ALJ
Copies: All Parties of Record